UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTONINO BUSSA,

        Plaintiff,

-against-

A VERY SPECIAL PLACE, INC.

        Defendant.

------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM
AND ORDER**
12-CV-871(CBA)(LB)

**AMON, Chief United States District Judge:**

    On February 17, 2012, plaintiff filed this *pro se* action alleging employment discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the purposes of this order and directs the plaintiff to submit an amended complaint within thirty (30) days.

## I.   Litigation History

    This is the fourth employment discrimination action that plaintiff has filed in this Court since April of 2010. In each action, plaintiff alleged that the defendant did not hire him because of his disability, cerebral palsy. The first, Bussa v. Vernon Avenue Children's School, LLC, 10-CV-1895(CBA)(LB), was dismissed by stipulation of dismissal on October 1, 2010. The second, Bussa v. Northfield Bancorp Inc., 10-CV-4796 (CBA)(LB), was dismissed by stipulation of settlement entered November 7, 2011. The third, Bussa v. Henan Meiya Cultural & Commercial Development Co., Ltd., 11-CV-6387 (CBA)(LB), was dismissed for failure to state a claim by an order dated March 12, 2012


## II. Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. Similarly, a complaint is

2

insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

III. **Discussion**

In the instant action, plaintiff alleges that defendant, a corporation that provides services to people with developmental disabilities, failed to hire him because of his disability. However, the complaint does not present any facts in support of the legal conclusion that defendant discriminated against plaintiff because of his disability. Plaintiff explains the facts of his case as follows:

> I applied for a position with a Very Special Place, Inc. in November of 2010. I met with Holly Hernandez of Human Resources for my first interview on 11/8/10. On this date, I had a first strong interview in which she stated "that I was a great candidate, and had it in my heart to work with the developmentally disabled." Therefore, I was referred for a second interview with Scott Springsted Director of Wor[k]shop on 11/15/2010. On this date he said "that I was a great candidate , and that they were going to move forward with my employment application.["] I never heard back from organization. Also, I applied in 2001, as well, and also was never hired.

(Compl. ¶ 8.)

Although plaintiff concludes that his disability was the reason he was not hired, he provides no facts that would allow the Court to reach this conclusion. Indeed, plaintiff does not provide any facts from which any conclusion about the basis for failing to hire plaintiff could be drawn, much less a discriminatory reason. The bare allegation that plaintiff has cerebral palsy and was not hired for a job is insufficient to state a claim for employment discrimination. The complaint fails to state a claim for relief because it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

3

## IV. Conclusion

Although the complaint fails to state a claim as currently presented, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint for failure to state a claim on which relief may be granted and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March  , 2012

Carol Bagley Amon
United States District Judge